**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000582**
**28-JUN-2017**
**08:28 AM**

NO. CAAP-16-0000582

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JOHANNE AUGER, Petitioner-Appellee,
v.
PAUL POCINO, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(FC-DA NO. 15-1-0210)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Chan, JJ.)

Respondent-Appellant Paul Pocino (Pocino) appeals from the Amended Order For Protection (Amended Protective Order) entered on July 22, 2016 in the Family Court of the Fifth Circuit (family court).[1]

On October 1, 2015, Petitioner-Appellee Johanne Auger (Auger) filed a Petition For An Order of Protection against her husband, Pocino, pursuant to Hawaii Revised Statutes (HRS) Chapter 586. The family court issued a temporary restraining order (TRO), and conducted evidentiary hearings on January 27, 2016, March 23, 2016, May 20, 2016, July 6, 2016 and July 20, 2016. At the conclusion of the July 20, 2016 hearing the family court entered its Order For Protection and subsequently thereafter, on July 22, 2016 entered its Amended Protective Order ordering Pocino, *inter alia*, to refrain from contacting or threatening Auger for a period of one year.

_____

[1] The Honorable Edmund D. Acoba presided.

On appeal, Pocino contends that the family court erred when it granted the Order For Protection based on the court's findings that the two incidents of name-calling by Pocino constituted extreme psychological abuse.

Upon careful review of the record, and the brief submitted by Pocino[2] and having given due consideration to the arguments advanced and the issues raised, we resolve Pocino's points of errors as follows:

We conclude that the family court's findings of past domestic abuse and that a protection order was necessary to prevent domestic abuse or a recurrence of abuse was not supported by substantial evidence and therefore was clearly erroneous.

> The question on appeal is whether the record contains "substantial evidence" supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by "credible evidence of sufficient quality and probative value."

In re Doe, 95 Hawai'i 183, 196, 20 P.3d 616, 629 (2001) (citations omitted).

"Domestic abuse" is defined, in part, as "[p]hysical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, <u>extreme psychological abuse</u> or malicious property damage between family or household members[.]" Hawaii Revised Statutes (HRS) § 586-1 (2006). Auger and Pocino both testified they were married and living together at the time of the alleged incidents leading to the issuance of the protective order against Pocino.[3] Based on that testimony, the family court properly found that their relationship fell within the definition of household members.

"Extreme psychological abuse" is defined as "an intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual, and that serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer extreme emotional distress."

---

[2] No answering brief was filed.

[3] During the pendency of the protective order proceeding, Pocino initiated a divorce proceeding.

HRS § 586-1.

At the hearing on July 20, 2016, the family court granted the protective order for a period of one year concluding that two incidents of name-calling by Pocino during a one-week span constituted a course of conduct amounting to extreme psychological abuse.

The family court declined to find that other incidents alleged by Auger occurred. The family court's reliance solely on two incidents of name-calling did not amount to "substantial evidence" to support the finding that Pocino's course of conduct constituted extreme psychological abuse warranting the issuance of the protective order. Therefore, we conclude that the family court erred in issuing the Amended Order of Protection.

Based on the foregoing, the Amended Order of Protection entered on July 22, 2016 in the Family Court of the Fifth Circuit is reversed.

DATED: Honolulu, Hawai'i, June 28, 2017

On the briefs:

Donna E. Richards and
Mark R. Zenger
(Richards & Zenger)
for Respondent-Appellant.

James A. Stanton
(Stanton Law Group)
for Petitioner-Appellee.

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge

3